**[Local Form 3015.1]**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

1:19-bk-14126

| In re<br>**Rebecca Duggan Trent**<br><br>(If spouse is filing:) | Case No.<br>Chapter 13<br>**Debtor 1**<br><br><br>**Debtor 2** | Check if applicable:<br>☐ Preconfirmation Amended Plan<br>☐ Postconfirmation Modified Plan |
|---|---|---|

## CHAPTER 13 PLAN

### Part 1: Notices

The use of this chapter 13 plan form is mandatory for chapter 13 cases filed in the Eastern District of Tennessee.

**To Debtor(s):** **Bankruptcy law is complex; you are urged to consult an attorney.** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. **Plans that do not comply with local rules and judicial rulings may not be confirmable.**

**To Creditors:** **Bankruptcy law is complex; you are urged to consult an attorney. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. If you oppose this plan, you or your attorney must file an objection with the clerk of court before the scheduled time of the 11 U.S.C. § 341(a) meeting of creditors, or the objection must be lodged with the chapter 13 trustee at the meeting unless otherwise ordered by the court. See E.D. Tenn. LBR 3015-3(a) or E.D. Tenn. LBR 3015-2(a)(5) and (b), as applicable.** If no objection to confirmation is filed, the Bankruptcy Court may confirm this plan without further notice. See Federal Rule of Bankruptcy Procedure 3015. Regardless of plan treatment, creditors will need to file a proof of claim before any claim can be paid under the plan. See Federal Rule of Bankruptcy Procedure 3002. Further, nothing in this plan precludes or otherwise limits the filing of an objection or complaint, as appropriate, contesting the allowance of such claim or the validity of any lien or right of setoff or seeking to avoid any lien under any applicable section of the Bankruptcy Code.

**This plan:** (Debtor(s) must complete the following by checking one box on each line.)

| 1.1 | **Limits the amount of a secured claim, which may result in a partial payment or no payment at all to the secured creditor.** [See plan provision in Section 3.2.] | ☐ Yes | ☑ No |
|---|---|---|---|
| 1.2 | **Avoids a judicial lien or security interest.** [See plan provision in Section 3.4.] | ☐ Yes | ☑ No |
| 1.3 | **Contains a Nonstandard Plan Provision.** [See plan provision in Section 8.1.] | ☑ Yes | ☐ No |

### Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**Debtor 1**  **$272.00**          ☐ weekly, ☑ biweekly, ☐ semi-monthly, or ☐ monthly for **60** months by
☑ payroll deduction or ☐ direct payment to the trustee  *(and, complete if applicable)*

**Debtor 2** _____          ☐ weekly, ☐ biweekly, ☐ semi-monthly, or ☐ monthly for ____ months by
☐ payroll deduction or ☐ direct payment to the trustee  *(and, complete if applicable)*

**Future payment changes** *(Complete if applicable.)*

E.D. Tenn. Bankr. Form Plan 12/17                                                                                                                               Page 1 of 7

| Debtor | Rebecca Duggan Trent | Case number | 1:19-bk-14126 |
|---|---|---|---|

### 2.2    Federal Income Tax Refunds

In addition to the payments in Section 2.1, the debtor(s) will pay to the trustee federal income tax refunds as follows:

☑ none, ☐ all, or ☐ **Tax refund less credits**

If tax refunds are being paid to the trustee, the debtor(s) will furnish to the trustee a copy of each federal income tax return filed by the debtor(s) during the pendency of the case and every request for extension of time to file a return, within 14 days of the filing of the return or the mailing of the request.  In order to expedite the trustee's receipt of the refunds, the trustee may request that the court enter a tax intercept order so that the IRS will send the tax refunds directly to the trustee.  If an amount other than "all" is to be paid into the plan, the trustee will refund the balance to the debtor(s) within 60 days of receipt, if the debtor(s) are current in the plan payments under Section 2.1 and if the debtor(s) have provided a copy of their tax return to the trustee.  Otherwise, the trustee may apply the balance due to the debtor(s) to cure any arrearage.  If the trustee is unable to determine the amount due to the debtor(s) because the debtor(s) have not provided to the trustee a copy of the federal tax return within 60 days of the trustee's receipt of a tax refund, then the debtor(s) are deemed to have forfeited the amount due to them, and the trustee may disburse this amount to creditors as an additional tax refund contributed to the plan.

### 2.3    Additional Payments (*Complete if applicable.*)

The debtor(s) will make the following additional payments to the trustee: (Describe the source, estimated amount, and estimated date of payment.)

## Part 3: Treatment of Secured Claims

### 3.1    Maintenance of payments and cure of default, if Any (*Complete if applicable*).

Installment payments on the secured claims listed in this section, which will extend beyond the life of the plan, will be maintained during the plan, with payments disbursed by the trustee unless "Yes" is listed under "Direct Pay by Debtor(s)?"  The holders of the secured claims will retain their liens following the completion of payments under the plan, and any unpaid balance of the claims is not subject to discharge.  Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.  Any postpetition installment payment changes and fees, expenses, and charges noticed in conformity with Federal Rule of Bankruptcy Procedure 3002.1 will be paid without plan modification by the party designated below to make the installment payment unless otherwise ordered by the court.

The installment payment and amount of arrearage stated in an allowed claim, proof of which is filed, control over any contrary amounts listed below.

If relief from the automatic stay is ordered as to any collateral described below, all payments under this section to creditors secured solely by that collateral will cease unless otherwise ordered by the court.

| Name of Creditor | Collateral Description | Principal Residence? | Installment Payment | Direct Pay by Debtor(s)? | Amount of Arrearage | Int. Rate on Arrearage | Arrearage Payment |
|---|---|---|---|---|---|---|---|

**None**

### 3.2    Request for Valuation of Security, Payment of Fully Secured Claims, and Modification of Undersecured Claims (*Complete if applicable and check "Yes" in Section 1.1.  The following provisions will be effective only if there is a check in the "Yes" box in Section 1.1.*)

For each creditor listed in this section, the "Secured Amount" was calculated by valuing the creditor's collateral and subtracting superior liens.  For nongovernmental creditors, the debtor(s) request that the Secured Amount be the

| Debtor | Rebecca Duggan Trent | Case number | 1:19-bk-14126 |
|---|---|---|---|

determinative amount of the creditor's secured claim under Federal Rule of Bankruptcy Procedure 3012 and 11 U.S.C. § 506(a).  For governmental creditors, the listed Secured Amount is an estimate with no binding effect; rather, the amount of the governmental creditor's secured claim under Federal Rule of Bankruptcy Procedure 3012 and 11 U.S.C. § 506(a) will be determined by the amount the creditor states in response to Question No. 9 on its proof of claim for "Amount of the claim that is secured" unless otherwise ordered by the court under Federal Rule of Bankruptcy Procedure 3012(c).

If the Secured Amount is greater than the creditor's total claim, the total allowed claim will be paid in full with interest at the rate stated below.  If the Secured Amount is less than the creditor's total claim, only the allowed Secured Amount will be paid in full with interest at the rate stated below.  Any portion of the creditor's total allowed claim that exceeds the Secured Amount will be treated as an unsecured claim under Section 5.1 of this plan.  If the Secured Amount is listed as "Zero" or "None," the creditor's allowed claim will be treated entirely as an unsecured claim under Section 5.1 of this plan.

Monthly payments will be disbursed by the trustee unless "Yes" is listed under "Direct Pay by Debtor(s)?"

Each creditor listed below will retain its lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

      (a) payment of the underlying debt determined under nonbankruptcy law, or
      (b) discharge of the underlying debt under 11 U.S.C. § 1328,

at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral Description | Secured Amount | Interest Rate | Monthly Payment | Direct Pay by Debtor(s)? |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

### 3.3    Secured Claims Excluded from 11 U.S.C. § 506 (Complete if applicable.)
The claims listed in this section were either:

      (a) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or
      (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full with interest at the rate stated below with payments disbursed by the trustee unless "Yes" is listed under "Direct Pay by Debtor(s)?"  The amount of the creditor's claim stated on its proof of claim, if allowed, controls over any contrary amount listed below.

Each creditor listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:
      (a) payment of the underlying debt determined under nonbankruptcy law, or
      (b) discharge of the underlying debt under 11 U.S.C. § 1328,

at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral Description | Amount of Claim | Interest Rate | Monthly Payment | Direct Pay by Debtor(s)? |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

### 3.4    Lien Avoidance (Complete if applicable and check "Yes" in Section 1.2. The following provisions will be effective only if there is a check in the "Yes" box in Section 1.2.)

The judicial liens and nonpossessory, nonpurchase money security interests securing the claims listed in this section impair exemptions to which the debtor(s) would be entitled under 11 U.S.C. § 522(b).  Upon entry of an order confirming this plan, the liens listed will be avoided to the extent they impair such exemptions.  The amount of a lien avoided will be treated as an unsecured claim in Section 5.1 of this plan.  The amount, if any, of the lien interest that is not avoided will be

E.D. Tenn. Bankr. Form Plan 12/17                                                                                                        Page 3 of 7

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                Best Case Bankruptcy

| Debtor | Rebecca Duggan Trent | Case number | 1:19-bk-14126 |
|---|---|---|---|

paid in full as a secured claim with payments disbursed by the trustee. If multiple liens on the same collateral impairing the same exemption are being avoided, the liens should be listed and avoided in reverse order of priority, i.e., start with lowest priority lien and proceed to the highest.

If a lien has been avoided, it should not be included in (B). Add (A) plus (B) plus (C) and then subtract (D) to determine (E) Extent of Impairment. If (E) is equal to or greater than (A), the entire lien is avoided and the amount of (F) Secured Claim will be $0. If (E) is less than (A), only the amount in (E) is avoidable. The difference between (A) and (E) is the amount of (F) Secured Claim.

| Name of Creditor | (A) Amount of Lien | (B) Total of all Other Liens | (C) Amount of Exemption | (D) Value of Property | (E) Extent of Impairment | (F) Secured Claim | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|---|---|---|

Further identify below each judicial lien by property address and recordation information, and list the collateral covered by each nonpossessory, nonpurchase money security interest.

### 3.5  Surrender of Collateral *(Complete if applicable.)*

The debtor(s) surrender the collateral listed in this section. The debtor(s) request that the automatic stay under 11 U.S.C. § 362(a) be terminated as to this collateral and the codebtor stay under § 1301 be terminated in all respects upon entry of an order confirming this plan. **Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in Section 5.1 of this plan if the creditor amends its previously-filed claim within 120 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 120-day period.**

| Name of Creditor | Collateral Description |
|---|---|
| -NONE- | |

### 3.6  Secured Claims Paid by Third Party *(Complete if applicable.)*

The following secured claims will be paid directly by the designated third party. The trustee will make no payment on the claim unless the creditor amends its previously-filed claim to assert a deficiency balance that will be treated as an unsecured claim in Section 5.1 of this plan.

| Name of Creditor | Collateral Description | Third Party |
|---|---|---|
| -NONE- | | |

## Part 4: Treatment of Priority Claims

### 4.1  General

Allowed claims entitled to priority under 11 U.S.C. § 507, including filing fees, attorney's fees for debtor(s), certain taxes, and domestic support obligations except as provided below in Section 4.3 or 8.1, will be paid in full without postpetition interest by deferred cash payments before payment of nonpriority unsecured claims in Section 5.1. Notwithstanding the foregoing, the trustee will pay in full allowed claims for prepetition real property taxes filed by a governmental entity at the applicable statutory interest rate, regardless of whether the claim is filed as priority or secured.

### 4.2  Attorney's Fees

The attorney for the debtor(s) requests a flat fee in the amount of:

$**3,750.00**, which will be paid in full less $**0.00** previously paid by the debtor(s).

E.D. Tenn. Bankr. Form Plan 12/17                                                                                       Page 4 of 7

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

| Debtor | Rebecca Duggan Trent | Case number | 1:19-bk-14126 |
|---|---|---|---|

If no amounts are included, the attorney for the debtor(s) is not seeking a flat fee and will instead be filing a fee application as contemplated by E.D. Tenn. LBR 2016-1(c).

**4.3    Domestic Support Obligations** *(Complete if applicable.)*
The automatic stay does not preclude the establishment or modification of a domestic support obligation order as permitted by 11 U.S.C. § 362(b)(2)(A)(ii).

The debtor(s) will continue to pay directly or by payroll deduction domestic support obligations that are due and payable postpetition, regardless of whether a proof of claim is filed.

If a claim for a prepetition domestic support obligation arrearage is filed, the allowed claim will be paid in full by the trustee unless the obligation has been assigned to, or is owned by, a governmental unit and may be paid less under 11 U.S.C. § 1322(a)(4).  If 11 U.S.C. § 1322(a)(4) applies, the allowed claim will be paid by the trustee as follows:

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1    Nonpriority Unsecured Claims Not Separately Classified**

Allowed nonpriority unsecured claims that are not separately classified will be paid:
- ☑ in full
- ☐ Enter Percentage ___%
- ☐ pro rata on a funds available basis after payment of all other separately-classified claims
- ☐ other:  Enter Information

If more than one option is checked above, the option providing the largest payment will be effective.

**5.2    Postpetition Claims**
Postpetition claims allowed under 11 U.S.C. § 1305, proofs of which are filed by creditors, will be paid as follows:

- ☑ § 1305(a)(1) tax claims to be paid in full by the trustee
- ☐ § 1305(a)(1) tax claims will **not** be paid by the trustee
- ☐ § 1305(a)(2) consumer debt claims to be paid in full by the trustee
- ☐ § 1305(a)(2) consumer debt claims to be paid by the trustee as provided in Section 5.1; however, if Section 5.1 provides for pro rata distribution only, the amount of the pro rata distribution on the § 1305(a)(2) claims will be determined as of the date the postpetition claim is filed
- ☑ § 1305(a)(2) consumer debt claims will **not** be paid by the trustee

Check above all that apply.

## Part 6: Executory Contracts and Unexpired Leases

**6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be treated as an unsecured claim in Section 5.1 of this plan.**  *(Complete if applicable.)*

Contractual installment payments will be disbursed by the trustee unless "Yes" is listed under "Direct Pay by Debtor(s)?" Any arrearage will be paid in full with payments disbursed by the trustee.  The installment payment and amount of arrearage stated in an allowed claim, proof of which is filed, control over any contrary amounts listed below.  **A claim arising from the rejection of an executory contract or unexpired lease will be paid as unsecured in Section 5.1 of**

E.D. Tenn. Bankr. Form Plan 12/17                                                                                                      Page 5 of 7

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

| Debtor | Rebecca Duggan Trent | | Case number | 1:19-bk-14126 |

this plan if the creditor files a proof of claim within 60 days from entry of the order confirming the plan that first rejects the executory contract or unexpired lease.

| Name of Creditor | Description of Contract or Lease | Installment Payment | Direct Pay by Debtor(s)? | Amount of Arrearage | Arrearage Payment |
|---|---|---|---|---|---|
| Acceptance Now | TV (2) | $20.00 | No | Amount of Allowed Claim | $15.00 |
| Acceptance Now | Dresser (1) | $18.00 | No | Amount of Allowed Claim | $15.00 |
| Farmer's Home Furniture | Couch (1); Love Seat (1); End Table (2) | $46.00 | No | Amount of Allowed Claim | $15.00 |
| Progressive Leasing | Bed (1) | $8.00 | No | Amount of Allowed Claim | $15.00 |
| Grove at Hickory Valley | Apartment | $1,060.00 | Yes | n/a | n/a |
| Sprint | Cell Phone Plan | $80.00 | Yes | n/a | n/a |
| Storage Sense | Storage Unit | $75.00 | Yes | n/a | n/a |

## Part 7: Vesting of Property of the Estate

**7.1**    Property of the estate will not vest in the debtor(s) until completion of the plan as evidenced by the trustee's filing of a certificate of final payment.

## Part 8: Nonstandard Plan Provisions

**8.1**    **Nonstandard Provisions.**  *(Complete if applicable and check "Yes" in Section 1.3.  The following provisions will be effective only if there is a check in the "Yes" box in Section 1.3.)*

Debtor will make monthly maintenance payments directly to all student loan creditors for student loan debt. The Trustee will make no distribution under the plan to any student loan creditor.

**Any nonstandard provision placed in this plan other than in this Section 8.1 is void.  If there is a conflict between a provision listed in this section and a standard provision of this plan, the provision listed here controls to the extent of the conflict.**

## Part 9: Signatures

| Debtor | Rebecca Duggan Trent | Case number | 1:19-bk-14126 |
|---|---|---|---|

**9.1    Signatures of Debtor(s) and Attorney for the Debtor(s).**  *(If the debtor(s) do not have an attorney, the debtor(s) must sign below; otherwise the debtor(s) signatures are optional.  The attorney for the debtor(s), if any, must sign below. By signing, the attorney certifies that the debtor(s) consent to the provisions in the plan and have authorized its filing.)*

/s/Rebecca Duggan Trent

**Signature of Debtor 1**

**Signature of Debtor 2**

**Executed on:**   September 28, 2019

**Executed on:**

/s/ W. Thomas Bible, Jr.

**W. Thomas Bible, Jr. 014754**
**Signature of Attorney for Debtor(s)**

**Date:**   September 28, 2019

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this plan are identical to the court's form plan, other than any nonstandard provisions included in Section 8.1.**